## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

BOYLAND AUTO GROUP III LLC and
BOYLAND AUTO BGMC LLC,

        Plaintiffs,

                              Case No. 23-cv-0566-bhl

    v.

TONY BOYLAND,

        Defendant.

---

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

---

In this case, two Wisconsin car dealerships, Boyland Auto Group III, LLC d/b/a All-Star Honda and Boyland Auto VGMC, LLC d/b/a All-Star Buick GMC, allege that their former General Manager, Tony Boyland, misappropriated assets from the dealerships for his own personal gain. (ECF No. 10.) Boyland, then represented by counsel, removed the case from state court, (ECF No. 1), and obtained dismissal of Plaintiffs' fraud claim, (ECF Nos. 12–16), leaving claims against him for conversion, theft, breach of fiduciary duty, conspiracy, and breach of contract. During discovery, Boyland's attorneys withdrew when he stopped communicating with them and did not pay their bills. (ECF No. 26.) On December 4, 2024, Plaintiffs moved for partial summary judgment on their conversion claim. (ECF Nos. 37–38.) Boyland has not responded to the motion. Because the record establishes all elements of Plaintiffs' conversion claim, their motion will be granted.

### BACKGROUND

Plaintiffs All-Star Honda and All-Star Buick GMC are limited liability companies that own and operate car dealerships in Wisconsin. (ECF No. 17 ¶¶3–4.) In 2021, Boyland served as General Manager of both dealerships. (ECF No. 38 at 4 ¶1.) As General Manager, Boyland had control over Plaintiffs' payroll and bonuses, as well company credit cards. (*Id.* ¶¶2, 4.) Over the course of 2021, Boyland paid himself and another employee, Yamilet De Jesus, salary, bonuses, and commissions beyond the amount authorized. (*Id.* at 4–5 ¶¶5–8.) He also paid unauthorized

salary to his daughter, used company credit cards for hundreds of thousands of dollars in personal purchases, used company funds to pay off personal debt, and misappropriated payments from Consumer Portfolio Services. (*Id.* at 5–7 ¶¶9–40.) According to an external advisory tax report from Withum Smith & Brown PC, Boyland's misappropriation of dealership funds resulted in $830,838 in combined losses to Plaintiffs. (ECF No. 39 at 6.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could affect the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The rules and procedures governing summary judgment apply to both represented and *pro se* parties. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). This Court's local rules recognize, however, that *pro se* litigants may be unfamiliar with their obligations at summary

judgment. Accordingly, the Court has adopted safeguards to help ensure that unrepresented parties understand the basic summary judgment process. When a represented party files a motion for summary judgment against a *pro se* litigant, Civil Local Rule 56(a)(1)(A) requires the moving party to include in their motion "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil Local Rule 56(a)(1)(B) also requires the moving party to include in their motion "the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7," which describe the proper procedure and form for responding to a motion for summary judgment, as well as the consequences of failing to do so. The record confirms that Plaintiffs complied with these local rules here.

Despite receiving notice of Plaintiffs' motion, Boyland has not responded. Because Boyland failed to respond, this Court will accept Plaintiffs' version of the facts as undisputed for the purpose of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(a)(1)(A), (b)(4); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). This does not necessarily mean that Plaintiffs' motion must be granted. Under Federal Rule of Civil Procedure 56, Plaintiffs must still "'show that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at 483 (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## ANALYSIS

Plaintiffs seek summary judgment on their conversion claim. (ECF No. 38 at 11–12.) The elements of a conversion claim under Wisconsin law are: "(1) intentional control or taking of property belonging to another, (2) without the owner's consent, (3) resulting in serious interference with the rights of the owner to possess the property." *H.A. Friend & Co. v. Pro. Stationary, Inc.*, 720 N.W.2d 96, 100 (Wis. Ct. App. 2006). The plaintiff must either be in possession of the property or entitled to immediate possession at the time of the conversion. *See Prod. Credit Ass'n of Chippewa Falls v. Equity Coop Livestock Sales Ass'n*, 261 N.W.2d 127, 129 (Wis. 1978).

Based on the undisputed facts, Boyland misappropriated money that belonged to Plaintiffs while serving as General Manager of the dealerships in 2021. (*See* ECF No. 39.) The advisory tax report shows that Boyland paid out compensation on behalf of the companies beyond his

authority to himself, his daughter, and Ms. De Jesus. (*Id.* at 3–5.) The report also provides that Boyland misappropriated company funds to pay for personal goods and services and to settle personal debts. (*Id.* at 5–11.) The record thus establishes that Boyland committed the tort of conversion under Wisconsin law. *See H.A. Friend*, 720 N.W.2d at 100 (confirming that the misappropriation of funds belonging to another constitutes conversion). The report also establishes that Plaintiffs suffered damages totaling $830,838 resulting from Boyland's unlawful conversion of dealership funds. (*See* ECF No. 39 at 6.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, ECF No. 37, is **GRANTED**. The Court concludes that Boyland is liable to Plaintiffs in the amount of $830,838 on their claim for conversion.

Dated at Milwaukee, Wisconsin on May 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge